IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH D. GWILYMJR, | : | CIVIL ACTION NO. **3:12-CV-2605** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| CENTRE COUNTY CORRECTIONAL FACILITY, *et al.*, | : | |
| Defendants | : | |

### **REPORT AND RECOMMENDATION**

**I.  BACKGROUND.**

On December 28, 2012, Plaintiff Ralph D. Gwilymjr, an inmate confined at Centre County Correctional Facility ("CCCF") located in Bellefonte, Pennsylvania, filed, *pro se*, his original Document 1 Complaint, pursuant to 42 U.S.C. § 1983, alleging an Eighth Amendment denial of medical care claim against the following six (6) Defendants: (1) Centre County Correctional Facility ("CCCF"); (2) Prime Care Medical, Inc.; (3) Richard Smith; (4) Jeffery Hite; (5) Dawn Rider; and (6) Dr. David Burwell.  (Doc. 1).  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* on that same date.  (Doc. 2).

We screened Plaintiff's original Document 1 Complaint as required by the PLRA, and on January 14, 2013, we issued a Report and Recommendation (Doc. 7) recommending that the Court: (1) dismiss with prejudice Defendants CCCF, Warden Smith and Deputy Warden Hite; (2) dismiss without prejudice Defendant Prime Care Medical, Inc.; (3) dismiss with prejudice Plaintiff's request for monetary damages from Defendants in their official capacities; and (4) permit to proceed Plaintiff's Eighth Amendment denial of medical care claim against

Defendants Dr. Burwell and Nurse Rider. (Doc. 7). On February 5, 2013, before the Court issued an Order regarding our Document 7 Report and Recommendation, Plaintiff filed an Amended Complaint. (Doc. 9). On that same date, Plaintiff also filed a second Motion for Leave to Proceed *in forma pauperis*. (Doc. 10). On February 6, 2013, the Court issued an Order rejecting our Document 7 Report and Recommendation, dismissing the original Document 1 Complaint and recommitting the matter to the undersigned for consideration of Plaintiff's Document 9 Amended Complaint. (Doc. 12).

We will now screen Plaintiff's Document 9 Amended Complaint in accordance with the Court's Document 12 Order and the mandates of the Prison Litigation Reform Act of 1995.

## II. STANDARDS OF REVIEW.

### A. PLRA

As stated, the Plaintiff has filed two applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Docs. 2 & 10). The Prison Litigation Reform Act of 1995,[1] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;

---

[1] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

2

or (iii) seeks monetary relief against a
defendant who is immune from such relief.

**B.     42 U.S.C. § 1983**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). See also *Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra.* It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must

3

allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

**C.  Motion to Dismiss**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible

4

on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

## III. AMENDED COMPLAINT ALLEGATIONS.

Plaintiff filed his Amended Complaint on February 5, 2013, alleging that the following Defendants violated his Eighth Amendment right to medical care: (1) PrimeCare Medical, Inc.; and (2) Dawn Rider, a Nurse at CCCF. (Doc. 9). Plaintiff alleges that his Eighth Amendment right to medical care has been violated because he sent Defendant PrimeCare Medical, Inc., a letter on "11-24-2013" (sic)[2] "explaining everything that is going on with [his] multiple sclerosis and their medical staff's neglect and disregard towards [him]." Plaintiff also states that "[he] wrote to PrimeCare Medical, Inc. expressing that by their medical staff not addressing [his] debilitating disease and/ or sending [him] to someone who can, [he] will accure (sic) irreparable damage to [his] brain and spinal cord." (Doc. 9, p. 2).

Thus, Plaintiff asserts denial of proper medical care claim against both Defendants with respect to his multiple sclerosis condition. Plaintiff avers that the failure of Defendants to provide him with proper medical care for his multiple sclerosis condition and the failure of Defendants to allow him to be examined by an outside specialist, has caused him irreparable damage to his brain and spinal cord.

Plaintiff also now alleges in his amended pleading a First Amendment retaliation claim stating, "I believe I'm being retaliated against due to the fact that on 01-21-2013 I was informed that I was no longer a trustee and I was on work and recreation restriction until further notice; I was also told I was no longer permitted to proceed in self medicated physical therapy. And if so I would receive a misconduct and be sent to the R.H.U. 'Restricted Housing Unit,' and put

---

[2] Plaintiff seems to be referring to November 24, 2012.

6

on disciplinary status." (*Id.*). It appears that Plaintiff is asserting that unnamed prison staff retaliated against him on January 21, 2013, as a result of his filing this civil rights action on December 28, 2012. Plaintiff does not state the personal involvement of either Defendant with respect to his new retaliation claim.

In his Amended Complaint, Plaintiff indicates that he has completed the grievance procedure at CCCF for his claims. (*Id.*, p. 1).

In his Request for Relief, Plaintiff requests the following: (1) compensatory damages for irreparable damage to his brain and spinal cord, present and future pain and suffering, and loss of enjoyment of life; (2) payment of his future medical expenses; (3) an apology from PrimeCare Medical, Inc., to Plaintiff, his wife, children and parents; and (4) compensatory damages for his wife, children and parents for their pain and suffering. (Doc. 9, pp. 3-4).³ Plaintiff also requests punitive damages. (Doc. 9, pp. 3-4).⁴

---

³To the extent that Plaintiff is seeking monetary damages (compensatory and punitive damages) for pain and suffering, we note that under 42 U.S.C. §1997e(e), he must allege in his pleading physical harm Defendants caused him. *See Allah v. Al-Hafeez*, 226 F. 3d 247, 251 (3d Cir. 2000); *Mitchell v. Horn,* 318 F.3d 523, 533 (3d Cir. 2003)*; Kantamanto v. King*, 651 F. Supp. 2d 313, 320 n. 1 (E.D. Pa. 2009)(inmate cannot obtain compensatory damages for pain and suffering in civil rights action since he did not allege any physical injury). Plaintiff appears to aver that the failure of Defendants to provide him with proper medical care for his multiple sclerosis condition and the failure of Defendants to allow him to be examined by an outside specialist, has caused him irreparable damage to his brain and spinal cord.

⁴To the extent that Plaintiff is seeking monetary damages (compensatory and punitive damages) against Defendant Nurse Rider in her official capacity, we will recommend that this request for relief be dismissed with prejudice as Plaintiff can only seek monetary damages from the state actor Defendant in her personal capacity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010); *Gale v. Stori*, 608 F.Supp. 2d 629, 636 (E.D. Pa. 2009).

## IV. DISCUSSION.

Initially, since Plaintiff did not re-name as Defendants CCCF, Richard Smith; Jeffery Hite, and Dr. David Burwell in his Amended Complaint, we directed the Clerk of Court to terminate these parties since the Court dismissed Plaintiff's original Complaint, in which these four Defendants were named, in its February 6, 2013 Order. (Doc. 12). Thus, Plaintiff 's Amended Complaint supersedes his original Complaint. *See Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000); *Brooks v. Bledsoe*, 2012 WL 5987014, *1 (M.D. Pa. Oct. 1, 2012) adopted by 2012 WL 5986977 (M.D. Pa. Nov. 29, 2012)(citations omitted).

### A. FAILURE TO EXHAUST RETALIATION CLAIM

In his Amended Complaint, Plaintiff indicates that he has completed the grievance procedure for his claims at CCCF. (Doc. 9, p. 1). Plaintiff is required to exhaust all of his administrative remedies available through the CCCF grievance procedure with respect to each of his claims prior to filing an action in federal court. *See Spruill v. Gillis*, 372 F. 3d 218, 222 (3d Cir. 2004); *Dortch v. York County Prison*, 2009 WL 159196, *4 (M.D. Pa.). A prisoner is barred from bringing a civil rights action in federal court "until such administrative remedies as are available have been exhausted." 42 U.S.C. §1997e(a). In screening Plaintiff's Amended Complaint under the PLRA, the Court can *sua sponte* dismiss without prejudice Plaintiff's constitutional claim which is not yet exhausted because his pleading makes clear that he could not have fully exhausted his new retaliation claim which arose on January 21, 2013, when he filed his Amended Complaint on February 5, 2013. *See Jones v. Lorady*, 2011 WL 2461982 (M.D. Pa. 6-17-11)(citing *McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10)).

In *McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10), the Third Circuit stated:

> Failure to exhaust and the statute of limitations are similar "in the abstract": they are both affirmative defenses. But, a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint. We see no reason why a district court, when screening a complaint pursuant to the PLRA, may not *sua sponte* dismiss a suit whose allegations make clear that the action is not timely. Indeed, other Courts of Appeals have recognized that dismissal under these circumstances is appropriate. *See, e.g., Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006); *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001); *Nasim v. Warden, Maryland House of Corr.,* 64 F.3d 951, 956 (4th Cir.1995) (en banc); *Pino v. Ryan,* 49 F.3d 51, 53-54 (2d Cir.1995).FN4 We agree that when a statute-of-limitations defense is apparent from the face of the
> complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.

*See Robinson v. Varano,* Civil No. 10-2131, M.D. Pa.; *Jones, supra*.

As the Courts have repeatedly held, it is well-settled that the Plaintiff inmate must exhaust his administrative remedies with respect to each of his claims prior to filing a civil rights suit. *See Mitchell, supra*; *Ahmed v. Dragovich*, 297 F.3d 201, 209 & n. 9 (3d Cir. 2002). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prison conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.; Woodford v. Ngo,* 126 S Ct. 2378 (2006); *Fortune v. Bitner*, 2006 WL 2769158, *7 (M.D.Pa.)("The PLRA mandates that inmates 'properly' exhaust administrative remedies before filing suit in federal court.")(citation omitted). Further, the Defendants have

9

the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Fortune v. Bitner*, 2006 WL 2769158, *7.

"A prisoner must exhaust all available administrative remedies before initiating a federal lawsuit." *Lombardi v. Pugh*, 2009 WL 1649908, *3(M.D. Pa. 6-9-09)(citation omitted). Further, "the exhaustion requirement is not satisfied if the inmate files an action in the district court prior to completing the administrative remedy process." *Id*.(citation omitted); *See also Mitchell v. Dodrill*, 696 F.Supp.2d at 463-64(Court stated that "most circuit courts are in agreement that a prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies *after* initiating suit in federal court.")(emphasis original)(citations omitted).

While Plaintiff may have exhausted his administrative remedies regarding his Eighth Amendment denial of medical care claim, it does not appear possible for Plaintiff to have fully exhausted his available administrative remedies at CCCF with respect to his retaliation claim because it just recently occurred on January 21, 2013, and Plaintiff filed his Amended Complaint alleging retaliation on February 5, 2013, only fifteen days after the alleged incident giving rise to his First Amendment claim. (Doc. 9, p. 2).

Therefore, because Plaintiff's retaliation claim arose so recently making the completion of his grievance procedure available at CCCF near impossible, we will recommend that Plaintiff's retaliation claim be dismissed without prejudice as we do not find futility in allowing Plaintiff to file a new action with this Court once he has fully exhausted his available CCCF grievance procedures with respect to this claim. Moreover, as mentioned, Plaintiff does not state the personal involvement of either Defendant with respect to his new retaliation claim.

As such, this claim is also subject to dismissal without prejudice for that reason as well. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002) (The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile.); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). As stated, we will recommend upon completion of the CCCF grievance process, Plaintiff be allowed to file a separate action raising his First Amendment retaliation claim which arose on January 21, 2013, against the CCCF officials personally involved with this claim, if he chooses to do so.

  B.  **DEFENDANT PRIME CARE MEDICAL, INC.**

In his Amended Complaint, Plaintiff also names once again Prime Care Medical as a Defendant as he did in his original Complaint. (Doc. 1, p. 2 & Doc. 9, p. 2). As we stated in our Doc. 7 R&R in which we screened Plaintiff's original Complaint, to the extent Plaintiff is seeking to sue Defendant Prime Care for negligence with respect to its alleged failure to provide adequate medical care and is seeking to raise a medical malpractice claim against both Defendants for their alleged failure to treat his multiple sclerosis and to allow him to see an outside specialist, he cannot not do so in a § 1983 civil rights action. *See Bailey v. Palakovich*, 2007 WL 1450698, *5 (M.D. Pa.).[5] Thus, we will recommend that any medical malpractice

---

5 To the extent Plaintiff is seeking to file a medical malpractice action under state law against Defendants Prime Care, Inc., and Rider, he was required to file a Certificate of Merit ("COM") under Pennsylvania law pursuant to Pa.R.C.P. 1042.3(a)(1). A COM is required for a Pennsylvania professional negligence claim raised in a malpractice action. *See Santee v. U.S.*, Civil Action No. 3:CV-07-2207, September 30, 2008 Memorandum and Order (M.D. Pa.), 2008 WL 4426060 (M.D. Pa.). "The COM requirement is set forth in a procedural rule, but federal courts exercising diversity and supplemental jurisdiction have considered it

claim Plaintiff is deemed as raising against Defendant Prime Care Medical, Inc., and Defendant Nurse Rider be dismissed with prejudice. Based on the foregoing, we find futility in allowing Plaintiff leave to file a second amended Complaint with respect his negligence claims.

Further, we again do not find that Plaintiff has stated a constitutional claim against Defendant Prime Care Medical, Inc., under *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). As we stated in our Doc. 7 R&R in which we screened Plaintiff's original Complaint, because Defendant Prime Care Medical was contracted to provide medical care to inmates at CCCF, the standards annunciated in *Monell* apply to it. *See Malles v. Lehigh County*, 639 F.Supp.2d 566 (E.D. Pa. 2009). Thus, even if Defendant Prime Care Medical is a private corporation which contracted with Centre County to service the medical needs of inmates confined at CCCF, we find that Plaintiff, once again, has not properly stated an Eighth Amendment denial of proper medical care claim under *Monell* against this Defendant. Defendant Prime Care Medical cannot be held liable for the conduct of persons it supervises pursuant to *respondeat superior*. *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9 (M.D. Pa.).[6] Rather, Defendant Prime Care Medical "[is] subject to liability [in a §1983

---

substantive law that must be applied to claims under Pennsylvania law presented in federal court." *Booker v. U.S.*, 2009 WL 90129, *3 (citations omitted). The Third Circuit affirmed a case in the Middle District of Pennsylvania in which the District Court found that PA Rule 1042.3 is a rule of substantive state law and that Plaintiffs in federal court must comply with this rule. *See Perez v. Griffin*, 2008 WL 2383072 (M.D. Pa.), aff'd. 2008 WL 5351829 (3d Cir. 12-23-08); *Hodge v U.S. DOJ,* 372 Fed. Appx. 264, 267 (3d Cir. 2010) (A COM is required to state a medical negligence claim in federal court). There is no record that Plaintiff filed a COM in this case.

[6]*See also Mangus v. DCP*, 2010 WL 521114, *8-*6 (M.D. Pa.).

action] to the extent [it] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id*. (citation omitted).

In *Mangus*, the Court stated:

> With respect to such institutional defendants it is clear that a County cannot cannot be held liable for the unconstitutional acts of its employees on the theory of respondeat superior. *See Monnell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, [a plaintiff] must demonstrate that the violation of his rights was caused by either a policy or a custom of the [county]. *See Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir.1996). *Berg v. County of Allegheny,* 219 F.3d 261, 275 (3d Cir.2000).

2010 WL 521114, *3.

No such custom or policy is specifically alleged by Plaintiff with respect to Defendant Prime Care Medical. Plaintiff does not make any allegations as described above against Defendant Prime Care Medical, Inc., necessary to make it subject to liability in this case. Based on *Malles and Meyers*, as well as *Magnus*, we find Plaintiff's allegations do not sufficiently state that Defendant Prime Care Medical caused any alleged conduct of any individual by having customs, policies, practices and procedures, and how these policies gave rise to violations of his constitutional rights. Thus, we will recommend that Defendant Prime Care Medical be dismissed with prejudice since Plaintiff already had one opportunity to amend his denial of medical care claim against Defendant Prime Care Medical after we explained to him how to properly state a claim against this Defendant under *Monell*. We find futility in allowing Plaintiff leave to file a second amended Complaint to properly state a *Monell* claim against this Defendant because Plaintiff has already had the opportunity to do so in his Document 9 Amended Complaint. *See Grayson, supra*.

C. **DEFENDANT NURSE RIDER**

With regards to Defendant Nurse Rider, based on the aforementioned allegations raised in his Amended Complaint, it is clear that Plaintiff has failed to sufficiently allege Rider's personal involvement in his Eighth Amendment denial of medical care claim. Plaintiff does not allege any facts whatsoever regarding Defendant Rider in his Amended Complaint, and he certainly does not allege that Rider was in any way involved in any the events that led to his denial of medical care claim.[7] Also, as mentioned, Plaintiff does not state that Defendant Rider had any personal involvement with respect to his new retaliation claim.

The Third Circuit stated in *DeFranco v. Wolfe*, 387 F. App'x 147, 158 (3d Cir. 2010):

To demonstrate an Eighth Amendment violation, [the inmate] must show:

> "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). We have interpreted this to mean that there are two prongs to the inquiry: (1) deliberate indifference on the part of prison officials; and (2) the prisoner's

---

[7]We recognize that in our Doc. 7 R&R in which we screened Plaintiff's original Complaint, we found that Plaintiff had properly alleged an Eighth Amendment denial of medical care claim against Defendants Dr. Burwell and Nurse Rider regarding his multiple sclerosis condition. However, the Court dismissed Plaintiff's original Complaint in its February 6, 2013 Order. (Doc. 12). Thus, Plaintiff's Amended Complaint supersedes his original Complaint and his amended pleading must be a comprehensive pleading able to stand on its own without reference to his original pleading. *See Hakeem v. Fisher*, 2010 WL 5463325, *1 n. 1 (M.D. Pa. Dec. 10, 2010) adopted by 2010 WL 5463134 (M.D. Pa. Dec. 29, 2010)(Court assessed Plaintiff inmate's civil rights case "solely on the basis of the averments set forth in [his] amended complaint since, as a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint.")(citing *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect")); *Brooks v. Bledsoe*, 2012 WL 5987014, *1 (M.D. Pa. Oct. 1, 2012) adopted by 2012 WL 5986977 (M.D. Pa. Nov. 29, 2012)(citations omitted).

medical needs are serious. *Monmouth County Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir.1987); *accord Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999).

Deliberate indifference is more than an "inadvertent failure to provide adequate medical care." *Estelle,* 429 U.S. at 105, 97 S.Ct. 285. It is more than mere negligence or medical malpractice without some more culpable state of mind. *Id.* at 106, 97 S.Ct. 285; *Rouse,* 182 F.3d at 197; *Lanzaro,* 834 F.2d at 346. For example, disagreement of professional opinion among doctors does not equal deliberate indifference. *Rouse,* 182 F.3d at 197; *Lanzaro,* 834 F.2d at 346. Instead, it requires "obduracy and wantonness ... [,] which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse,* 182 F.3d at 197 (citations omitted).

The Third Circuit further defined deliberate indifference in *Natale v. Camden City Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003). The Court held:

A prison official acts with deliberate indifference to an inmate's serious medical needs when "he knows of an disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment... ." *Estelle*, 429 U.S. 97. Accordingly, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id* at 107. "[A]s long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). Further, a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. *See White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a civil rights cause of action, and an inmate's disagreement with medical treatment is insufficient to establish a "deliberate indifference." *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

*See also George v. PA DOC*, 2010 WL 936778, *5.

We find that not only has Plaintiff failed to allege Defendant Rider's personal involvement in his Eighth Amendment claim, but also that Plaintiff has failed to allege the elements of this claim in relation to Defendant Rider because Plaintiff does not allege that Defendant Rider acted with deliberate indifference to Plaintiff's serious medical needs. Therefore, we find that Plaintiff has not sufficiently stated Defendant Rider's personal involvement in his Eighth Amendment medical care claim as alleged in his Amended Complaint. Thus, we will recommend that Plaintiff's Eighth Amendment denial of medical care claim against Defendant Rider be dismissed with prejudice as we find futility in allowing Plaintiff leave to file a second amended Complaint as he has already had the opportunity to properly allege his claim against Defendant Rider in his Document 9 Amended Complaint. *See Grayson, supra*.

V.      **RECOMMENDATION**.

Based on the foregoing discussion, we respectfully recommend that the Court:

1.      **DISMISS WITH PREJUDICE** Plaintiff's Eighth Amendment denial of medical care claim in his **Document 9** Amended Complaint as against Defendants Nurse Rider and Prime Care Medical, Inc.

2.      **DISMISS WITHOUT PREJUDICE** to file a new action after exhaustion of administrative remedies, Plaintiff's First Amendment retaliation claim in his **Document 9** Amended Complaint as against Defendants Nurse Rider and Prime Care Medical, Inc.

3.      **CLOSE THIS CASE**.


s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: March 5, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RALPH D. GWILYMJR, | : | CIVIL ACTION NO. **3:12-CV-2605** |
|---|---|---|
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| CENTRE COUNTY CORRECTIONAL FACILITY, *et al.*, | : | |
| Defendants | : | |

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 5, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                                                           s/ Thomas M. Blewitt
                                                                           THOMAS M. BLEWITT
                                                                           United States Magistrate Judge

**Dated: March 5, 2013**